FILED

MAY 29 2019

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON P. JONES, MONTANA BOARD OF HOUSING, NORTHWEST MONTANA HUMAN RESOURCES, COLLECTION BUREAU SERVICES, INC., and SANDERS COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV 18–74–M–DLC<br><br>ORDER |

This matter having been brought before the Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is subject to this foreclosure action is located in Sanders County, and more particularly described as follows:

1

Lots Fourteen (14) and Fifteen (15) of Block Seventy-seven (77), of the Second Survey of the Town of Thompson Falls, Montana, as shown on the map or plat thereof on file and of record in the office of the Clerk and Recorder, Sanders County, Montana. (Dkt. 1, Para. 2).

2. The United States loaned Gordon P. Jones the sum of $30,000.00 in the form of a Section 502 Rural Housing loan. This loan is evidenced by a promissory note for $30,000.00, dated April 20, 2000. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A. (Dkt. 1, Para. 3).

3. As security for the above described loan Gordon P. Jones executed a real estate mortgage on April 20, 2000, providing the United States a security interest in the real property described above. The mortgage was filed for record with the Clerk and Recorder of Sanders County on May 3, 2000, as document number 238699, Micro 30982. A true and correct copy of the mortgage is attached to the Complaint as Exhibit B. (Dkt. 1, Para. 4).

4. Defendant, Gordon P. Jones, is in default under the terms of the promissory note described above due to failure to make timely payments of principal and interest as agreed. The account was accelerated on August 18, 2017. (Dkt. 1, Para. 5).

5. Defendant, Gordon P. Jones, is indebted to the Plaintiff for the loan outlined above in the principal amount of $22,735.50, plus interest computed at the daily rate of $4.59 per day for the accrued total amount of $1,061.16, plus fees in the amount of $265.36 ($32.36 late charges and fees not assessed of $233.00), for a combined total of $24,017.02 as of November 6, 2017. In addition, if the value of

2

the real property exceeds the principal and accrued interest ($24,017.02), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated April 20, 2000, attached to the Complaint as Exhibit C. The interest subject to recapture will be $1,137.84, making a total of $25,199.86 due and owing. Interest continues to accrue from November 6, 2017, at the rate of $4.59 per day until the date of entry of judgment. A true and correct copy of the Affidavit of Kimberly Maines of Rural Housing Service is attached to the Complaint as Exhibit D, which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. (Dkt 1, Para. 6). The Motion for Entry of Judgment verifies that the United States is not seeking a deficiency judgment in this case. (Dkt. 41).

6. Defendant, Montana Board of Housing has or may have an interest in the real property in a first lien position by virtue of an Assignment of Deed of Trust, dated May 3, 2000, recorded May 3, 2000 as Instrument No. 238700, Micro No. 30983, with the Sanders County Clerk and Recorder. This assignment was made by Heritage Bank which assigned its Deed of Trust dated May 2, 2000, which had been recorded May 3, 2000, as Instrument No. 238698, Micro No. 30981 securing the original amount due of $22,699.00. A true and correct copy of the deed of trust is attached to the Complaint as Exhibit E. (Dkt 1, Para. 7).

7. Defendant, Collection Bureau Services, Inc., a Montana Corporation, has or may have an interest in the real property subordinate to the real estate mortgage of the United States by virtue of a Default Judgment against Gordon P.

Jones, filed in the Justice Court of Sanders County, June 6, 2017, under Cause No. DV 17-34. A true and correct copy of the default judgment is attached to the Complaint as Exhibit F. (Dkt. 1, Para. 8).

8. Defendant Northwest Montana Human Resources has or may have an interest in the real property in a subordinate lien position to the United States by virtue of a Trust Indenture, dated December 30, 2008, which was recorded December 30, 2008, as Instrument No. 278146, Micro No. 64586. This assignment was made by Alliance Title Company which assigned its Trust Indenture dated December 30, 2008, to secure an original indebtedness of $5,031.80. A true and correct copy of the Trust Indenture is attached to the Complaint as Exhibit G. (Dkt 1, Para. 9).

9. Defendant, Sanders County, has or may have an interest in the property by virtue of real property taxes that may be due and owing. The principal amount of such takes priority over the United States. Penalties and interest are subordinate to the United States. (Dkt 1, Para. 10).

10. Defendant Gordon P. Jones, was served by Summons for Publication in the *Sanders County Leader*, pursuant to 28 U.S.C. § 1655, on August 23, 2018. (Dkt. 27).

11. Defendant Gordon P. Jones was located after service by publication and was personally served with a copy of the Summons and Complaint by the Flathead County Sheriff's Department on March 20, 2019. (Dkt. 33). Defendant Gordon P. Jones did not make an appearance. His Default was entered on April 25, 2019. (Dkt. 37).

12. Defendant Collection Bureau Services, Inc. executed a Waiver of Service of Summons it was filed with the Court on April 30, 2018. (Dkt. 7.) Defendant Collection Bureau Services, Inc. did not make an appearance. Default was entered against Collection Bureau Services, Inc., on July 23, 2018. (Dkt 26.)

13. Defendant Northwest Montana Human Resources, was personally served by the United States Marshal's office with a copy of the Summons and Complaint. (Dkt. 17-1) Defendant Northwest Montana Human Resources did not make an appearance. Default was entered against Northwest Montana Human Resources, on July 23, 2018. (Dkt. 26.)

14. Robert Zimmerman, Sanders County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on May 4, 2018. (Dkt. 8). The stipulation with the United States consents to entry of a judgment, decree of foreclosure, and order of sale in favor of the United States. (Dkt. 9, ¶ 3) It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is subject of the foreclosure to the date of sale. (Dkt. 9, ¶ 3).

15. Montana Board of Housing, executed a Waiver of Service of Summons; it was filed with the Court on May 9, 2018. (Dkt. 10). On October 26, 2018, a Stipulation between United States and Montana Board of Housing was filed with the Court. (Dkt. 28) The stipulation acknowledges that the Montana Board of Housing has an interest in the real property that is subject to the

foreclosure by virtue of a Deed of Trust dated May 2, 2000, and assigned to the Montana Board of Housing on May 2, 2000, which deed of trust and assignment were recorded with the Sanders County Clerk and Recorder on May 3, 2000 as Instrument Numbers 238700, Mircro No. 30983 and Intrument No. 238698, Micro No. 30981, respectively. (Dkt. 28, ¶ 1) In the stipulation Montana Board of Housing agrees that it has no objection to the United States obtaining a judgment, decree of foreclosure and order of sale, so long as the judgment provides that the deed of trust held by the Montana Board of Housing is in a superior lien position to the mortgage held by the United States, and that any sale of the real property ordered by the District Court, shall provide that the real property be sold subject to the deed of trust held by the Montana Board of Housing. (Dkt. 28, ¶ 3,4) The amount owed to the Montana Board of Housing as of October 11, 2018 was $12,930.79, which amount may change based upon application of any payments and continuing accrual of interest and other expenses. (Dkt. 28, ¶ 2)

## CONCLUSIONS OF LAW

16. Sanders County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

17. Plaintiff, United States of America, is entitled to foreclosure judgment against Defendant, Gordon P. Jones in the principal amount of $22,735.50, plus interest computed at the daily rate of $4.59 for the accrued total amount of $1,061.16 as of November 6, 2017, plus fees in the amount of $265.36 (32.36 late

charges, and fees not yet assessed of $233.00), for a combined total of $24,017.02 as of November 6, 2017. In addition, if the value of the real property exceeds the principal and accrued interest ($24,017.02), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated April 20, 2000. The interest subject to recapture will be $1,137.84, making a total of $25,199.86 due and owing as of November 6, 2017. Interest continues to accrue from November 6, 2017, at the rate of $4.59 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Pursuant to the Motion for Entry of Judgment the United States is not seeking a deficiency judgment.

18. Pursuant to the terms of the mortgage, the Plaintiff, United States, is entitled to an order of sale of the real property described herein. Further that the sale shall be subject to the Montana Board of Housing deed of trust, which is in a superior lien position to the mortgage held by the United States.

Wherefore, based upon the forgoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED:

1. Plaintiff, the United States of America, have judgment against Defendant Gordon P. Jones, in the principal amount of $22,735.50, plus interest computed at the daily rate of $4.59 for the accrued total amount of $1,061.16 as of November 6, 2017, plus fees in the amount of $265.36 ($32.36 late charges and

fees not yet assessed of $233.00), for a combined total of $24,017.02 as of November 6, 2017. In addition, if the value of the real property exceeds the principal and accrued interest ($24,017.02), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated April 20, 2000. The interest subject to recapture will be $1,137.84, making a total of $25,199.86 due and owing as of November 6, 2017. Interest continues to accrue from November 6, 2017, at the rate of $4.59 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Each and all of the material allegations contained in Plaintiff's Complaint are true and correct.

3. The real property described hereafter, together will all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court with Counsel for Plaintiff to prepare a Notice of Sale and to file the Affidavit of Publication with the Petition for Confirmation of U.S. Marshal's Sale. The real property is located in Sanders County, Montana, and described as follows:

> Lots Fourteen (14) and Fifteen (15) of Block Seventy-seven (77), of the Second Survey of the Town of Thompson Falls, Montana, as shown on the map or plat thereof on file and of record in the office of the Clerk and Recorder, Sanders County, Montana.
>
> Common Address: 403 Spruce Street, Thompson Falls, Montana.

4. The real property be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825.

5. The real property be sold in one unit.

6. That the real property be sold subject to the Deed of Trust held by the Montana Board of Housing.

7. If Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but in the form of suitable documentary evidence as a debit against the judgment.

8. The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

9. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the U.S. Marshal to deliver possession of the premises to the Plaintiff.

10. The U.S. Marshal for the District of Montana, shall sell the real property subject to the Montana Board of Housing Deed of Trust, and out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

A. To Sanders County, Montana, to satisfy the principal amount of any assessed taxes, to date of sale.

B. To Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

C. Any overplus remaining after the payments to Big Horn County and Plaintiff shall be paid by the U.S. Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10. The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage which is the subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, and subsequent to the filing of this action, shall be forever barred and foreclosed of and from all equity of redemption and claim to the mortgaged premises, and very part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed, with the exception of the deed of trust held by the Montana Board of Housing which is in a priority lien position to the mortgage held by the United States.

11. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

12. The United States is not seeking a deficiency judgment.

DATED this 29th day of May, 2019.

_/s/ Dana L. Christensen_
Dana L. Christensen, Chief Judge
United States District Court